

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

FEB 2 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
                              DEPUTY

| | | |
|---|---|---|
| COUNTY OF DIMMIT, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | Civil No. SA-16-CV-01049-RCL |
| v. | § | |
| | § | |
| HELMERICH & PAYNE INTERNATIONAL | § | |
| DRILLING CO.; ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

---

**Memorandum Opinion:**
**Granting in Part and Denying in Part Plaintiff's Application for Attorney's Fees**

---

The plaintiff—County of Dimmit, Texas ("Dimmit")—applies for an award of attorney's fees and expenses in this remand action pursuant to 28 U.S.C. Section 1447(c). The defendant—Helmerich & Payne International Drilling Co. ("H&P")—challenges the reasonableness and necessity of the fees requested, the plaintiff's billing judgment, the clarity of the plaintiff's evidence, and the inclusion of work not related to the defendant's improper removal. The Court finds that Dimmit is entitled to recover **$34,007.38.**

## I.  Background

Pursuant to the Court's August 25, 2017, decision remanding this case to state court, Dimmit is entitled to attorney's fees and costs incurred as a result of the removal. *See* 28 U.S.C. Section 1447(c) (providing that the non-movant may recover "just costs and any actual expenses, including attorney fees" that result from the improper removal).

The Lodestar method is used to calculate attorney's fees. Using this method, the Court multiplies the number of hours reasonably spent on the improper removal by hourly rates consistent with what is typical and justified in the local market for work of the type performed by

attorneys of similar caliber and experience. *League of United Latin Am. Citizens #4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). In considering the reasonableness of the rate and hours proposed, the Court will consider the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). These fees are not to include "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). They also shall not include fees for hours that are "excessive, redundant, or otherwise unnecessary." *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1154 (5th Cir. 1995). Duplicative time entries shall be eliminated. *League of United Latin Am. Citizens #4552*, 199 F.3d at 1232 (5th Cir. 1997). The burden of proving the reasonableness of the hours falls on the fee applicant. *Leroy v. Houston*, 831 F.2d 576, 586 (5th Cir. 1987).

## II.     Analysis

Dimmit applies for attorney's fees of $46,990.85; $559.77 in costs and expenses; and an additional $1,000 in attorney's fees for their reply to H&P's response ($48,550.62 total). Dimmit claims it has removed any fees and costs that would have been incurred in state court had H&P's improper removal not occurred, and that the amounts requested reflect reasonable hourly rates and a reasonable number of hours expended given the amount of time this case was in federal court.

H&P characterizes Dimmit's requested fees as "grossly excessive" and lacking billing judgment, and describes Dimmit's documentation as repetitive, vague, inconsistent, and inclusive of tasks the Court cannot properly include in an attorney's fees award. H&P, while not contesting the reasonableness of Dimmit's hourly rates generally, also criticizes the billing of what H&P claims are clerical tasks at an attorney's rate. The Court will first analyze the lack of billing

judgment, duplication of effort, and excessive hours claims; secondly, the claims of ambiguity and inconsistencies; thirdly, the billing rates for clerical tasks; and lastly, the inclusion of improper tasks and fees.

Additionally, non-movant defendants to this suit have filed a response to Dimmit's application for attorney's fees. In their response, the non-movant defendants argue that H&P, as the defendant who provided the impetus for removal and who performed most of the work related to the removal, should be required to pay all the attorney's fees assessed against the defendants. Dimmit also acknowledges this dispute, but indicates that it does not care which defendant pays its attorney's fees so long as the fees are paid. Because H&P neither responds to nor contests the non-movant defendants' argument that H&P should be solely liable for the payment of Dimmit's attorney's fees, the Court will accept the non-movant's argument. Therefore, H&P will be solely liable to pay Dimmit's attorney's fees.

### A.    Billing Judgment, Duplication of Effort, and Excessive Hours.

H&P claims that Dimmit failed to present evidence of exercising billing judgment. Parties seeking attorney's fees must "[prove] that they exercised billing judgment." *Walker v. United States HUD*, 99 F.3D 761, 769 (5th Cir. 1996). Dimmit claims to have removed any fees and costs that would have been incurred in state court had the improper removal not occurred. However, such expenses could not be recovered regardless, and thus writing these fees off does not evidence billing judgment. *Walker*, 99 F.3d at 769-70. Nowhere in the pleadings does Dimmit present evidence of writing off "unproductive, excessive, or redundant hours," and this lack of evidence is sufficient to establish a lack of billing judgment. *Id.*

H&P points out several examples of redundant or excessive billing in its objection and criticizes the requested hours as excessive. A review of Dimmit's reported hours shows that the

criticisms of some of these line items have merit, while others do not. A percentage reduction in the award is the appropriate remedy when a plaintiff fails to write off "unproductive, excessive, or redundant hours," and thus fails to show evidence of billing judgment. *Id.* H&P requests 15%, as the Fifth Circuit has previously determined it may be an appropriate amount. *Id.* at 770. In order to compensate for the lack of billing judgment exercised by Dimmit, as well as some evidence of duplicative and excessive hours in Dimmit's records, the Court agrees that a 15% reduction is appropriate. This reduction will be taken off the total amount awarded after the lodestar is calculated.

Lastly, Dimmit claims $1,000 for preparing a reply to H&P's response. Dimmit provided no billing evidence and the work produced was not complex enough to warrant such an award. As such, the Court denies this claim.

### B. Ambiguity and Inconsistencies

H&P claims that the Plaintiff's evidence is "vague and filled with inconsistencies," as well as "block billing" that could potentially impede the Court's ability to determine if the time billed was reasonable. H&P requests a further 10% trimming of the fees due to the block billing.

However, the case law cited by H&P, *Leroy v. Houston*, 906 F.2d 1068 (5th Cir. 1990), is distinguishable. In *Leroy*, the billing records at hand were "very brief," consisted of initials such as "TC GK," were as simple as "'Work on Brief' and 'Continue work on brief' and 'Review for Oral Argument,'" and "showed only one undivided total amount of time on any one date." *Id.* at 1079–80. Dimmit's records are not nearly as bad. While Dimmit did do some block billing, it was not frequent enough to impede the Court from determining if the hours accrued were reasonable. *See Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb 11, 2011) (explaining that while the practice of block billing should

4

be discouraged, it is up to the court's discretion to determine if the practice impedes its ability to assess the reasonableness of the hours presented). Further, the Court believes that the effects of any block billing or other vague billing practices were already mitigated through the Court's earlier 15% reduction.

## C.  Inclusion of Improper Tasks and Fees

H&P disputes Dimmit's request for $4,469.17 for drafting and filing a Second Amended Complaint, as these arguments would have to be addressed at some point in the litigation and thus would have been incurred in state court despite the removal. *See W. Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *6 (N.D. Tex. Dec. 28, 2016), *report and recommendation adopted*, No. 3:16-CV-565-L, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). The Court agrees, and will strike this amount from the award.

H&P identifies an additional $4,706.25 worth of tasks for which Dimmit seeks compensation but that H&P argues were not related to the removal. Dimmit contends these entries are reasonable and that H&P omits the entries' context, context that makes clear the entries' relatedness and reasonableness. Having reviewed the specific entries to which H&P refers, the Court concludes that several are not related to H&P's improper removal. The Court strikes $595 in fees related to attending a County Commissioner Court's meeting, as it fails to see how these tasks relate to the improper removal. Pl.'s Ex. A, at 4, ECF No. 54-3. Further, the Court fails to see how $100 in fees for work on the case's timeline and "issues related to discovery matter" (Pl.'s Ex. A, at 10, ECF No. 54-3), as well as $605 in fees for drafting a motion for a status conference that seems never to have been filed (Pl.'s Ex. A, at 14, ECF No. 54-3), are sufficiently related to the removal. So the Court will strike those fee requests as well. Thus, the Court will strike a total of $1,300 from Dimmit's fees as insufficiently related to removal.

Dimmit also claims $559.77 in additional costs incurred because of the improper removal, which account for tasks such as research, scanning, photocopying documents, and filing motions in state court. The evidence presented by Dimmit is not detailed enough to determine that these fees were incurred due to H&P's improper removal. As such, this amount shall be stricken from the award.

### D.     Billing Rates for Clerical Tasks

"Purely clerical or secretarial tasks," whether performed by an attorney or a paralegal, are not recoverable at an attorney or paralegal rate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10, 109 S. Ct. 2463, 2472 (1989). Work completed by a paralegal may only be recovered if it is similar to the work typically completed by attorneys; "otherwise, it is an unrecoverable overhead cost." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

H&P argues that Mr. Hughes and Mr. Ramos improperly billed several tasks at an attorney's rate. However, the line items claimed by H&P are not clerical, but managerial in nature. While such items likely do not command a $275 hourly rate, such lack of discretion has been accounted for in the 15% deduction for a lack of billing judgment.

H&P claims Dimmit reported 10.5 hours for compiling fees for their fee application. While "[f]ee applications do not typically involve novel or complex legal issues and the fees claimed for preparing them will be reduced if excessive," Dimmit is also "entitled to an award of reasonable attorneys' fees in connection with the time spent to prepare the fee application." *Prater v. Commerce Equities Mgmt. Co.*, No. CIV.A H-07-2349, 2008 WL 5140045, at *7 (S.D. Tex. Dec 8, 2008). The billing evidence shows these 10.5 hours are not solely for compiling fees, but include legal work related to the drafting of the fee application itself. However, the Court agrees with H&P

that some clerical tasks are included in those hours, and will subsequently deduct 20% (2.1 hours, or $577.50) from these 10.5 attorney-rate hours to reflect the improper inclusion of these tasks.

H&P also claims that a paralegal rate was applied to work that was strictly clerical in nature, and thus not recoverable. *Allen*, 665 F.2d at 697. Specifically, Dimmit claims a $125 hourly rate for tasks such as preparing and sending tasks such as "correspondence to clerk," sending "inter-office email," and "scanning and labeling affidavits," among others. The Court agrees these fees are not recoverable, and will deduct 5.1 hours (or $637.50) from the paralegal hours. In total, then, the Court will deduct $1215 from Dimmit's fee request as representing impermissible billing for clerical tasks.

### E.    Additional Considerations

The Court recognizes that $34,007.38 is an unusually large award for an improper removal. However, H&P's vigorous contentions in this case drove up Dimmit's litigation costs. This included a baseless argument by H&P, which this Court rejected, that Dimmit had acted in bad faith. H&P's removal also forced Dimmit to analyze the diversity of 29 separate defendants, which required a significant amount of time researching the numerous defendants' corporate structures and business practices. Given these circumstances, the amount awarded is reasonable.

### III.    Conclusion

The Court awards to Dimmit County attorney's fees and costs in the amount of $34,007.38. This total represents the following deductions from Dimmit County's initial fee request of $48,552.62:

- A $1,000 deduction for failing to provide billing evidence regarding the time spent preparing a reply to H&P's response.

- A $4,469.17 deduction for including fees related to preparing a second amended complaint that would have been filed in state court anyway.

- A $1,300 deduction for the inclusion of tasks insufficiently related to removal (or at least without sufficient explanation of how those tasks were related to removal).

- A $559.77 deduction for the inclusion of costs without sufficient explanation of how those costs were related to the removal proceedings.

- A $1,215 deduction for improperly billing for clerical tasks.

- A 15% deduction from the remaining fees (which amount to $40,008.68) to account for lack of billing judgment.

The Court will order H&P to pay this $34,007.38 to plaintiff County of Dimmit.

SIGNED this _____ 27th _____ day of February, 2018.


HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE